IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Robert E. Blackburn, Judge**

Civil Case No. 09-cv-02386-REB-MEH

CAROLINE RHEIN AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF
PETER SHAWN RAMIREZ,

    Plaintiff,

v.

COMMERCE CITY POLICE DETECTIVE DAN MCCOY,
COMMERCE CITY POLICE DETECTIVE DEREK ARAGON, Individually
COMMERCE CITY POLICE DEPARTMENT, Individually and Severally, and
COMMERCE CITY, COLORADO, Individually and Severally,

    Defendants.

## ORDER RE: DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO 28.U.S.C. § 1927 AND ATTORNEYS' FEES PURSUANT TO 42 U.S.C. §1988(b)

**Blackburn, J.**

The matter before me is defendants' **Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and Attorneys' Fees Pursuant to 42 U.S.C. §1988(b)** [#27][1] filed October 11, 2010. I grant the motion in part and deny it in part.

### I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1331 (federal question).

### II. BACKGROUND

The defendants ask the court to impose sanctions against the counsel for plaintiff under 28 U.S.C. § 1927, and against the plaintiff and her counsel under 42 U.S.C. § 1988. The plaintiff is the personal representative for the estate of Peter Shawn

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Ramirez.  Ramirez died after he was shot by Detectives Dan McCoy and Derek Aragon of the Commerce City Police Department.  Ramirez was shot as the detectives sought to stop and disarm Ramirez during a foot chase.  In her complaint, the plaintiff alleges that Detectives Aragon and Detective McCoy violated Ramirez's constitutional rights when the detectives shot Ramirez.

Aragon and McCoy were pursuing Ramirez and another person, Marcus Giron, both of whom were on foot at the time.  The pursuit lasted about five minutes.  Ramirez was armed with "a black semi-automatic handgun that appeared to have an extended magazine."  *Motion for summary judgment* [#13], Exhibit A (McCoy Affidavit), ¶ 23.  During the pursuit, Ramirez pointed his weapon at the pursuing officers.  In addition, Ramirez and Giron repeatedly attempted to car-jack passing motorists, with Ramirez pointing his gun at motorists as the motorists approached Ramirez.  The chase occurred on a busy street at about 4:00 p.m., on a weekday, as rush hour traffic was building.  During the pursuit, Ramirez repeatedly defied the orders of the pursuing detectives to drop his gun.  After Ramirez's repeated car-jacking attempts, one or both of the defendant detectives shot Ramirez when they were able to get a clear shot at him.  Ramirez died a short time later.  The details of the chase are described in more detail in the order [#25] granting the defendants' motion for summary judgment.

In the order granting the motion for summary judgment, the court concluded that the plaintiff, in her response to the motion for summary judgment, had not disputed any of the material facts established by the defendants in their motion for summary judgment.  *Order* [#25], p. 13.  The court concluded also that the arguments presented by the plaintiff in her response to the defendants' motion for summary judgment were "factually and legally baseless."  *Id.*, p. 14.

## III.  § 1927 ANALYSIS

The defendants seek sanctions against the attorney for plaintiff under 28 U.S.C. § 1927.  Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Under the law of this circuit, "[s]ection 1927 targets conduct that multiplies the proceedings, which, when 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" **Steinert v. Winn Group, Inc.**, 440 F.3d 1214, 1226 (10th Cir. 2006) (quoting **Niera v. Dairyland Insurance Co.**, 143 F.3d 1337, 1342 (10th Cir. 1998)).  Thus, even in the absence of subjective bad faith, an attorney who acts with recklessness or indifference to the law may be held accountable under section 1927 for "the costs of his own lack of care." **Braley v. Campbell**, 832 F.2d 1504, 1511 (10th Cir. 1987) (en banc) (citation and internal quotation marks omitted).  **See also Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.**, 430 F.3d 1269, 1278 (10th Cir. 2005).  Although the court should resort to such sanctions "only in instances evidencing a serious . . . disregard for the orderly process of justice," **Dreiling v. Peugeot Motors of America, Inc.**, 768 F.2d 1159, 1165 (10th Cir. 1985) (citation and internal quotation marks omitted), "[t]he power to assess costs, expenses, and attorney's fees against an attorney personally in the appropriate case is an essential tool to protect both litigants and the ability of the federal courts to decide cases expeditiously and fairly," **Braley**, 832 F.2d at 1512.  It is important to note that sanctions under § 1927 cannot be based on the plaintiff's filing of her complaint.

3

*Steinert v. Winn Group, Inc*. 440 F.3d 1214,1224-1225 (10th Cir. 2006). Applying the language of § 1927 in **Steinert**, the United States Court of Appeals for the Tenth Circuit held that it "is not possible to multiply proceedings [unreasonably and vexatiously] until after those proceedings have begun." *Id*. at 1225.

The defendants claim that the plaintiff's "[r]esponse in opposition to summary judgment was completely devoid of any legitimate factual or legal arguments," and there existed "no plausible factual or legal basis to pursue Plaintiff's claim." *Motion for Sanctions* [#27] filed October 11, 2010, p. 7. The defendants ask the court to hold the plaintiff's counsel liable for the defendants' attorney fees incurred from November 17, 2009, the date on which the defendants filed their motion for summary judgment, to the present.

The defendants assert that they are entitled to sanctions based primarily on five contentions asserted by the plaintiff in this case. One contention cited by the defendants concerns allegations in the plaintiff's complaint. The content of the complaint is not relevant to my analysis under § 1927. The other four contentions, contentions asserted by the plaintiff in her response to the motion for summary judgment, are relevant to my analysis under § 1927.

First, the defendants argue that the plaintiff failed to proffer legal authority "for the proposition that shooting someone from the rear constitute[s] use of excessive force *per se*," *Id.* at 5. In her response [#19] to the motion for summary judgment, the plaintiff notes on several occasions that two of the gunshot wounds suffered by Ramirez, including the fatal would, were to his left buttocks with a trajectory of back to front. The plaintiff noted also that neither of the affidavits submitted by the defendant detectives noted that "they shot Ramirez in the back with multiple gunshots." *Response* [#19], p.

4

6. The plaintiff argued that the issue before the court was "whether or not given the short amount of time and the lack of any indication that there were other alternatives other than shooting Ramirez in the back with numerous gunshots that Defendants are entitled to qualified immunity." *Response* [#19], p. 10.

Addressing this issue, the court concluded in its order addressing the motion for summary judgment that

> (c)onsidering the undisputed facts, the fact that the bullet or bullets that killed Ramirez entered his body from the rear is of no consequence. Ramirez presented a grave risk to public safety and a grave risk to the safety of the detectives. Thus, absent reasonable alternatives, the use of deadly force to restrain Ramirez was reasonable under the law. Rhein's argument on this point is factually and legally baseless.

*Order* [#25], p. 13. Nothing in the plaintiff's response to the defendants' motion for sanctions alters this conclusion.

Second, the plaintiff argued in her response to the motion for summary judgment that

> the use of deadly force was not required given the totality of the circumstances and the fact that there was no sufficient time period which would have warranted deadly force being utilize[d] where any perimeter could have been established by Officer Aragon and Officer McCoy to [effect] the arrest of Ramirez.

*Response* [#19], pp. 10-11. Addressing this issue, the court concluded in its order addressing the motion for summary judgment that

> Rhein cites no evidence to support her contention that Detectives Aragon and McCoy could have established a perimeter around Ramirez that would have effected his arrest without the need to shoot Ramirez. Rhein makes no effort to address the immediate and continuing deadly threat to public and officer safety presented by Ramirez. Rhein cites no evidence to support her apparent contention that Detectives Aragon and McCoy had available to them some effective means, short of deadly force, to restrain Ramirez and remove the threats he presented.

*Order* [#25], pp. 13-14. On this issue, I concluded that Rhein's argument "is factually

5

and legally baseless." *Id.*, p. 14. Nothing in the plaintiff's response to the defendants' motion for sanctions alters this conclusion.

Third, the plaintiff stated in her response to the motion for summary judgment that the affidavits of Detectives Aragon and McCoy do not mention that neither of them made any attempt to obtain medical assistance for Ramirez, and made no attempt to assist in rendering first aid to Ramirez. *Response*, p. 6. Addressing this contention, the court concluded in its order addressing the motion for summary judgment that

> Rhein ignores the undisputed portion of Detective Aragon's affidavit in which he describes signaling for a passerby to call 911 and using another officer's radio to call for medical assistance shortly after Ramirez and Giron had been disabled. *Motion for summary judgment*, [#13], Exhibit A ([Aragon] Affidavit), p. 7. Rhein cites no evidence in support of her baseless factual contention. Further, Rhein makes no effort to demonstrate how the detectives' actions in calling for medical assistance [are] relevant to the question of whether or not the detectives' use of force against Ramirez was reasonable. Rhein's argument on this point is factually and legally baseless.

*Order* [#25], pp. 14. Nothing in the plaintiff's response to the defendants' motion for sanctions alters this conclusion.

Fourth, the defendants argue in their motion for sanctions that the plaintiff offered in her response to the motion for summary judgment a "meaningless argument" that Detective Aragon had a pre-existing propensity for violence due to his involvement in another case involving the use of deadly force. In her response to the defendants' motion for summary judgment, the plaintiff argued:

> It should be noted that Detective Aragon while in the scope of his duties and being employed by the CCPD [Commerce City Police Department] on May 3, 2006 in Commerce City had [occasion] to cause the wrongful death of Toby Cordova.... Therefore, plaintiffs assert that the actions of the defendant Aragon constitute a pre-existing propensity for violence which is not protected in that [it is] reckless behavior manifesting indifference to the constitutional right of Ramirez.

6

*Response* [#19], p. 9, citing **Cordova v. Aragon**, 560 F. Supp.2d 1041 (D. Colo. 2008). In **Cordova v. Aragon**, the United States Court of Appeals for the Tenth Circuit upheld the trial court's judgment in favor of Detective Aragon based on qualified immunity. 569 F.3d 1183, 1195 - 1196 (10th Cir. 2009). In the court's order granting the motion for summary judgment, the court addressed summarily Rhein's argument on this point, saying that the "balance of Rhein's arguments and contentions in her response are equally baseless." *Order* [#25], p. 14.

Facially, evidence of Detective Aragon's use of force in a different incident is not admissible to prove that Detective Aragon used force improperly when he shot Ramirez. The plaintiff's argument that **Cordova v. Aragon** establishes a "pre-existing propensity for violence" implicates Fed.R.Evid. 404(a) and (b). Rule 404(a) prohibits the admission of evidence of a person's character or a trait of character "for the purpose of proving action in conformity therewith on a particular occasion. . . ." None of the exceptions listed in Rule 404(a) is applicable, based on the record in this case. Similarly, Rule 404(b) provides that "(e)vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." None of the exceptions listed in Rule 404(b) is applicable, based on the record in this case.

To the extent the plaintiff sought to respond to the defendants' motion for summary judgment by relying on the facts established in **Cordova v. Aragon**, the plaintiff relied on facially inadmissible evidence with essentially no legal analysis. In the context of the defendants' motion for summary judgment, the plaintiff's argument on this point is factually and legally baseless.

In sum, in their motion for summary judgment, the defendants established a body of undisputed material facts and cited law demonstrating that, assuming those facts to

7

be true, there was no basis to hold the defendants liable on the plaintiff's claims. In response to the motion for summary judgment, counsel for the plaintiff did not dispute any of the material facts established by the defendants and cited two additional facts as relevant facts. Based on the undisputed material facts, counsel for the plaintiff then asserted the four arguments in opposition to the motion for summary judgment summarized above. Each of those arguments is factually and legally baseless. Plaintiff's counsel made no other arguments in response to the motion for summary judgment. Given a body of undisputed material facts and the well-established law applicable to police excessive force claims, the plaintiff presented only baseless arguments when responding to the defendants' motion for summary judgment.

I find and conclude that the factually and legally baseless arguments asserted by counsel for the plaintiff in the plaintiff's response [#19] to the motion for summary judgment constitute an unreasonable and vexatious multiplication of the proceedings in this case. At best, the assertion of these arguments amounts to recklessness or indifference toward the clearly applicable law. After the defendants filed their motion for summary judgment, the plaintiff was faced with factual contentions that could not be disputed and a body of law that rendered legally baseless any Fourth Amendment excessive force claim, assuming the undisputed facts to be true. In response, counsel for the plaintiff asserted only factually and legally baseless arguments. This amounts to an unreasonable and vexatious multiplication of the proceedings in this case. On this basis, I conclude that the plaintiff's counsel must be held accountable under § 1927 for "the costs of his own lack of care." **Braley v. Campbell**, 832 F.2d 1504, 1511 (10th Cir. 1987).

## IV. § 1988 ANALYSIS

The defendants argue also that they are entitled to an award of attorney fees and costs under 42 U.S.C. §1988. *Motion for Sanctions* [#27], pp. 3-7. The threshold for awarding a prevailing defendant attorney fees under 42 U.S.C. § 1988 is high:

> While a prevailing plaintiff ordinarily is entitled to attorney fees, a prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff.

***Mitchell v. City of Moore, Oklahoma***, 218 F.3d 1190, 1203 (10th Cir. 2000) (citations and internal quotation marks omitted). "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." ***Christiansburg Garment Co. v. EEOC***, 434 U.S. 412, 421-22 (1978) (applying 42 U.S.C. § 2000e-5(k)). The reasoning of the ***Christiansburg*** Court was incorporated into § 1988 jurisprudence in ***Hensley v. Eckerhart***, 461 U.S. 424, 429 n. 2 (1983)). "The dismissal of claims at the summary judgment stage does not automatically meet" the "stringent standard" of § 1988. ***Mitchell***, 218 F.3d at 1203.

The defendants argue that the plaintiff's case was frivolous from the outset because it was based on an indisputably meritless legal theory and on factual contentions that clearly are baseless. The defendants contend that the plaintiff's claims were based on a "linchpin allegation that was facially false." *Motion* [#27], p. 4. The defendants cite the plaintiff's allegation that during the "entire sequence of events, [Ramirez] posed no danger to the Detectives or the public." *Complaint* [#1], ¶ 12. The

9

plaintiff made a somewhat different allegation in a later paragraph of the complaint. "[Ramirez] posed no threat substantial enough to justify the multiple gunshot wounds inflicted by the Commerce City Detectives." *Complaint* [#1], ¶ 20. In support of their motion for an award of attorney fees and costs under § 1988, the defendants cite also the four arguments asserted by the plaintiff in her response to the motion for summary judgment, summarized above.

In this case, there is no indication that the plaintiff brought this suit to harass or embarrass the defendants. Thus, the key question is whether or not this case was vexatious or frivolous, as those terms are used in relation to § 1988, when the plaintiff filed her complaint. I conclude that the record does not demonstrate that this case was vexatious or frivolous at its inception. When a suspect is shot and killed by police officers, it is reasonable at least to question whether or not the use of deadly force was appropriate. Of course, the complaint in this case raises that question. Nothing in the record indicates what the plaintiff or her counsel knew the detailed facts established in the defendants' motion for summary judgment when the complaint was filed, or what type of investigation the plaintiff or her counsel had conducted prior to filing to complaint. In this context, I cannot conclude that the plaintiff's complaint was vexatious or frivolous when it was filed. Therefore, I deny the defendants' motion for sanctions under § 1988.

## IV.  RULE 11 NOTICE

In the plaintiff's response [#35] to the defendants' motion for sanctions, the plaintiff argues that the defendants' motion for sanctions is controlled by the procedural requirements of Rule 11 of the Federal Rules of Civil Procedure, citing the following language specifically.

10

> If after notice and reasonable opportunity to respond the Court determines that Rule 11(B) has been violated, the Court may impose appropriate sanction of any attorney, law firm or party that violated the Rule or is responsible for the violation.

FED. R. CIV. P. 11(c); *Objection to Award of Attorneys' Fees* [#35], p. 11. The Tenth Circuit explicitly has rejected the application of the Rule 11 notice requirement to a motion for sanctions under § 1927. ***Steinert v Winn Group, Inc.***, 440 F.3d 1214, 1223 (10th Cir. 2006). The plaintiff's argument that Rule 11's procedural requirements are applicable to the defendants' motion for sanctions obviously is incorrect. The plaintiff argues also that, under ***Steinert***, the plaintiff's response to the defendants' motion for summary judgment cannot be the basis for § 1927 sanctions. ***Steinert*** does not support this proposition, and the plaintiff's argument on this point is incorrect. 440 F.3d at 1224 - 1226. The procedural requirements of FED. R. CIV. P. 11 are not applicable to the defendants' motion for sanctions.

### V. REASONABLENESS OF FEES

Before assessing the reasonableness of the attorney fees sought by the defendants, I must determine the point in time at which the plaintiff's counsel began to multiply proceedings in this case unreasonably and vexatiously. Any sanction under § 1927 must be based on the costs caused by counsel's unreasonable and vexatious multiplication of the proceedings. As discussed above, counsel for the plaintiff asserted only factually and legally baseless arguments in response to the motion for summary judgment. This constitutes unreasonable and vexatious multiplication of the proceedings in this case. The reasonable attorney fees incurred by the defendants to prepare and file a reply to plaintiff's response to the motion for summary judgment and to prepare and defend this motion for sanctions become the proper bases for an award

of attorney fees under § 1927.

Any determination of reasonable attorneys fees starts with a calculation of the "lodestar" amount. **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." **Hensley**, 461 U.S. at 433. The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable. **Homeward Bound, Inc. v. Hissom Memorial Ctr.**, 963 F.2d 1352, 1355 (10th Cir. 1992). A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. **Blum v. Stenson**, 465 U.S. 886, 895 (1984). A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. **Jane L. v. Bangerter**, 61 F.3d 1505, 1510 (10th Cir. 1995).

The plaintiff does not challenge the reasonableness of the hourly rates charged by the defendants' counsel, and does not challenge the reasonableness of the time spent by defendants' counsel to prepare and file a reply to plaintiff's response to the motion for summary judgment. I have reviewed the relevant excerpts contained within the summary of attorney fees submitted by the defendants in support of their motion. *Motion* [#27], Appendix A. The hourly rates are reasonable. However, the relevant hours expended are not.

From December 7, 2009, when defense counsel first began review of the plaintiff's response to the motion for summary judgment, to December 21, 2009, when defendants filed their reply [#22] to that response, the defendants expended 12 attorney hours resulting in attorney fees in the amount of 1,804 dollars. The reply consisted of eight pages, much of which flowed directly from the motion for summary judgment itself.

12

Concerning the motion for sanctions, the defendants expended 19 attorney hours resulting in attorney fees of 2,823 dollars. Thus, to prepare and file these two papers the defendants expended 31 attorney hours resulting in attorney fees of 4,627 dollars.

Ultimately, I analyze the time expended by counsel for defendants and the concomitant request for associated attorney fees, using the familiar standards at C.R.P.C. 1.5(a)(1) - (8). Neither the reply nor the motion for sanctions presents novel or difficult issues of fact or law. Apposite law is abundant and readily available. The request of defendants for attorney fees for 31 hours to prepare and shepherd the subject reply and motion exceed greatly the time reasonably necessary. Thus, I exercise my discretion to award attorney fees in the amount of 1,500 dollars, representing tens hours of attorney time at 150 dollars per hour. *Id*. ("Plaintiffs' requested hours far exceed the hours that reasonably would be required by reasonably competent attorneys in handling this litigation.")(internal citations omitted). These attorney fees shall be payable by plaintiff's counsel as a sanction under § 1927, finding that attorney fees in the amount of 1,500 dollars is sufficient to punish and deter counsel for the plaintiff and to reimburse defendants for the reasonable attorney fees incurred by them in the preparation and filing of their reply to the response to the motion for summary judgment and the preparation, filing, and prosecution of their motion for sanctions.

## VI. REQUEST FOR COSTS

The defendants request also an award of reasonable costs. The defendants incurred 96.75 dollars in reasonable costs after November 17, 2009. However, these costs were awarded by the clerk of the court in his **Bill of Costs** [#34]. Therefore, I do not include these costs in awarding sanctions under § 1927.

## VII. CONCLUSION & ORDERS

Under 28 U.S.C. § 1927, I impose sanctions in the form of an award of attorney fees against counsel for the plaintiff because of his unreasonable and vexatious multiplication of these proceedings, beginning with the plaintiff's filing of her response [#19] to the defendants' motion for summary judgment. However, I conclude that the imposition of broader sanctions against either the plaintiff herself or her counsel is not warranted under 42 U.S.C. § 1988. Finally, I conclude that defendants are not entitled to an award of additional costs.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants Commerce City Police Detective Dan McCoy, Commerce City Police Detective Derek Aragon, and Commerce City Police Department and Commerce City, Colorado's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and Attorneys' Fees Pursuant to 42 U.S.C. § 1988(b)** [#27], filed October 11, 2010, is **GRANTED** in part;

2. That under 28 U.S.C. § 1927, the defendants, Commerce City Police Detective Dan McCoy, Commerce City Police Detective Derek Aragon, the Commerce City Police Department, and Commerce City, Colorado, are **AWARDED** attorney fees of 1,500.00 dollars;

3. That this sanction is **IMPOSED** against the attorney for the plaintiff, Normando Pacheco, Esq., who **SHALL BE** solely responsible for payment of the required attorney fees;

4. That the attorney fees imposed as a sanction **SHALL BE PAID** to the defendants no later than close of business on Wednesday, November 16, 2011; and

5. That otherwise, the **Defendants Commerce City Police Detective Dan McCoy, Commerce City Police Detective Derek Aragon, and Commerce City Police Department and Commerce City, Colorado's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and Attorneys' Fees Pursuant to 42 U.S.C. § 1988(b)** [#27] filed October 11, 2010, is **DENIED**;

Dated September 16, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge